UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY KNIGHT,

    Petitioner,

v.                                                                                                 CASE NO. 6:11-cv-1484-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondent.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the amended petition (Doc. No. 6), the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 9). Petitioner filed a reply to the response (Doc. No. 18).

Petitioner alleges four claims for relief in the amended habeas petition. For the following reasons, the amended petition is denied.

### I.    *Procedural History*

Petitioner was charged with six counts of sexual activity with a child by a person in a position of custodial authority (counts one, four, six, nine, eleven, and thirteen), six counts of lewd or lascivious battery (counts two, five, seven, ten, twelve, and fourteen), and two counts of lewd or lascivious molestation (counts three and eight). A jury found Petitioner guilty as charged of counts one through eight, eleven, and twelve and not guilty

of counts nine, ten, thirteen, and fourteen. The trial court subsequently dismissed counts two, three, five, seven, eight, and twelve based on double jeopardy. The trial court sentenced Petitioner to concurrent twenty-year terms of imprisonment for counts one and four to be followed consecutively by concurrent twenty-year terms of imprisonment for counts six and eleven.

Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed.

Petitioner filed a motion to modify sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure. The state court denied the motion.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court denied the motion. Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.     Legal Standards

### A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   Analysis

### A.   Claims One and Four

In claim one, Petitioner asserts that counsel rendered ineffective assistance by failing to object to various statements made by the prosecutor. Specifically, Petitioner notes the prosecutor's statements (1) identifying him as the caller on an audio recording of a telephone conversation, (2) indicating that Petitioner either had sex with the victim or she was lying, (3) indicating the prosecutor's personal belief that there was no way Petitioner did not have sex with the victim, (4) arguing that the jury's determination should be clear that Petitioner had sex with the victim, took advantage of the victim, betrayed the trust of her family, and exploited the victim during their sexual encounters. Similarly, in claim four, Petitioner contends that counsel was ineffective for failing to object to statements made by the prosecutor during closing argument. Petitioner cites to statements in which the prosecutor referred to him as the person on the audio recording, opined about what the person on the recording should have said if he was innocent, and asserted that Petitioner enjoyed engaging in risky sexual behavior.

Petitioner raised these claims in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. 21 at 4.) The state court determined that the prosecutor's

statements were fair comments on the evidence presented and counsel therefore had no basis to object to the statements. *Id.*

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)). "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987)).

Review of the prosecutor's statements support the state court's denial of these claims. The prosecutor's statements addressing the veracity of the victim's testimony were premised on the evidence presented at trial. The victim testified that Petitioner was the person on the audio recording. Thus, the prosecutor was permitted to argue such. Likewise, the statements concerning the risks taken by Petitioner during the sexual encounters were reasonable inferences given the victim's testimony regarding where and when the encounters occurred. In sum, the statements of which Petitioner complains were all permissible arguments to be made from the evidence presented. Counsel, therefore, had no basis to object to the statements nor would such objections have been sustained. Accordingly, claims one and four are denied pursuant to Section 2254(d).

### B.     *Claim Two*

Petitioner maintains that counsel rendered ineffective assistance by failing to advise the trial court that the prosecutor had an improper conversation with the victim during her testimony. In support of this claim, Petitioner asserts that his sister-in-law heard the prosecutor during a recess coaching the victim to "'just remember to say what we told you' (or something similar)." (Doc. No. 6 at 8.)

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. 21 at 2.) The state court noted that attorneys are permitted to speak to witnesses during trial under Florida law. *Id.* (citing *Nieves v. State*, 739 So. 2d 125, 127 (Fla. 5th DCA 1999)). The state court reasoned that the victim admitted she had discussed her testimony with the prosecutor and the purported overheard conversation did not establish improper coaching. *Id.* The state court further noted that defense counsel had the victim's statements to police and the Child Protection Team and her deposition, which were given before the prosecutor had an opportunity to "coach" the victim. *Id.* The state court concluded, therefore, that counsel had no basis to object and no prejudice resulted therefrom. *Id.*

Petitioner has not established that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland*. Even assuming the prosecutor improperly coached the victim, defense counsel had the victim's deposition and statements to police and the Child Protection Team. Thus, counsel had the opportunity to cross-examine the victim regarding any inconsistencies in her testimony. More importantly, the jury heard

7

an audio recording of a conversation between the victim and Petitioner which overwhelmingly inculpated Petitioner in the offenses. Petitioner, therefore, has not demonstrated that a reasonable probability exists that the outcome of the trial would have been different had counsel advised the trial court about the prosecutor's purported improper coaching. Accordingly, claim two is denied pursuant to Section 2254(d).

### C.  Claim Three

Petitioner asserts that counsel rendered ineffective assistance by failing to impeach the victim with her inconsistent statements. Specifically, Petitioner argues that counsel should have impeached the victim regarding where the first sexual encounter occurred.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. 21 at 3.) The state court reasoned that counsel did impeach the victim with her inconsistent statements and the victim admitted that she was confused about the various sexual encounters with Petitioner. *Id*. The state court concluded that no prejudice resulted from counsel's alleged deficient performance. *Id*.

The record supports the denial of this claim. Defense counsel questioned the victim regarding her inconsistent testimony concerning the location of her first sexual encounter with Petitioner. (App. 1 at 386.) The victim admitted that she initially told a police officer that the first incident occurred in the loft of Petitioner's karate studio, whereas she subsequently said that the first incident actually occurred in a movie theater. *Id*. The jury, therefore, heard the victim make inconsistent statements regarding the offenses. Furthermore, the evidence also included an audio recording of Petitioner and the victim,

which inculpated Petitioner in the offenses. Thus, no reasonable probability exists that the outcome of the trial would have been different had counsel further impeached the victim. Accordingly, claim three is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 6), filed by Bradley Knight is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 29th day of August, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 8/29
Counsel of Record
Bradley Knight